CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
JAN 0 5 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:06cr00022 |
|---|---|
| v. | ORDER and OPINION |
| CARL PETER ANTONI, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motions to withdraw his guilty plea (docket entry nos. 21, 24, 27, 30). For the following reasons, these motions are hereby DENIED.

## I. Background

Defendant pled guilty on October 27, 2006 to a three-count indictment charging him with possession of child pornography. In the days following the plea hearing, Defendant filed several letters with the Court expressing his desire to have his court-appointed attorney replaced[1] and to withdraw his guilty plea. The Court granted the motions to substitute counsel.

Defendant argues in his first letter that his prior attorney was ill-prepared for the guilty plea hearing because she lied to him "throughout the period prior to" the plea hearing; because she could not remember the elements of the case other than those they discussed just before the hearing; because she had not inspected the images that purportedly depicted child pornography; because she failed to use the material "literally at her fingertips that substantially provided a

---

[1] Defendant's attorney also filed a motion for substitution of counsel.

convincing argument for the motion to dismiss" for delay in prosecution — a motion this Court denied after hearing oral argument but before conducting the plea colloquy; and because the presiding judge, Norman K. Moon, made several prejudicial statements during the plea hearing.[2]

In his second letter, Defendant states that his attorney was grossly incompetent and that Judge Moon should step down for prejudicial remarks because he "didn't even pretend to want to hear my side of this story."[3]

Finally, in his third letter, Defendant says that he does not accuse the attorney of misconduct, but instead believes misconduct was possible because she made no effort to actively defend him and instead wanted him to plead guilty. Defendant also says that he wants to withdraw his guilty plea because otherwise, he will not be able to appeal his motion to dismiss for delay in prosecution.[4]

---

[2] These statements include: Congress had a reason to raise the applicable sentence from five years to ten years, possession of child pornography is a crime of violence, and Judge Moon "made no attempt to take [Defendant's attorney] seriously or even listen[] to what she was saying." All three statements are irrelevant, however, to a determination of whether Defendant has presented a fair and just reason for withdrawing his plea. Additionally, the Court notes that first, Congress must have had a reason for raising the applicable sentence to ten years, otherwise they would not have done so. Second, although Defendant may not think that possession of child pornography is a crime of violence, United States law states otherwise. *See* 18 U.S.C.A. § 3156(a)(4)(C) (2006) (stating that "the term 'crime of violence' means ... any felony under chapter ... 110," which includes 18 U.S.C. § 2252A(a)(5)(B), the provision under which Defendant pled guilty); *see also United States v. Abraham*, No. Crim.05-344, 2006 WL 3145993, at *1 (W.D. Penn. Oct. 31, 2006) (collecting cases). Third, Judge Moon did not say "everyone has problems, don't they?" in response to defense counsel notifying the Court of Defendant's intent to call a witness for sentencing who would testify that Defendant has been diagnosed with Attention Deficit Hyperactive Disorder. Instead, Judge Moon said that because "all of us have some problems," an expert is not always required at sentencing; indeed, Judge Moon said he would be amenable to allowing such an expert, but told the attorney he "would like to get some idea of what [the attorney] would be driving at and what affect it would have with regard to sentencing." Notably, the "crime of violence" comment and the ADHD comment came *after* Defendant pled guilty.

[3] Again, however, whether Judge Moon wanted to hear Defendant's story is irrelevant for purposes of conducting a Rule 11 colloquy and for purposes of Defendant wanting to withdraw his guilty plea. And as will be discussed, although Defendant alleged after the plea hearing that his attorney was grossly incompetent, he stated during the plea hearing that he was "fully satisfied" with the representation given by the attorney.

[4] Defendant also states in this letter that he "<u>honestly</u>" didn't know that it was illegal to have the images on his hard drive and "never went beyond collecting." He admits that it was morally wrong and that he has "been sick with shame since they were discovered as well as before they were discovered."

## II. Discussion

Rule 11(d)(2)[5] governs a defendant's ability to withdraw his guilty plea before sentencing. Rule 11 requires that the defendant show "a fair and just reason for requesting the withdrawal." *See* Fed. R. Crim. P. 11(d)(2). Although evidentiary hearings should be liberally granted prior to sentencing, *see United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985), a defendant does not "automatically get an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea," *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and such a hearing should only be granted when the defendant has presented a fair and just reason for the withdrawal, *see Moore*, 931 F.2d at 248.

The issue, then, is whether Defendant has presented a fair and just reason for withdrawing his guilty plea. The Court should consider six factors in such an analysis:

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
(2) whether the defendant has credibly asserted his legal innocence,
(3) whether there has been a delay between the entering of the plea and the filing of the motion,
(4) whether defendant has had close assistance of competent counsel,
(5) whether withdrawal will cause prejudice to the government, and
(6) whether it will inconvenience the court and waste judicial resources.

*Id.*

As to factor one, Defendant here has failed to produce any evidence that his plea was not knowing or voluntary, let alone credible evidence of such. The Court engaged Defendant in a lengthy colloquy at the hearing on October 27 and determined that Defendant's plea was knowing and voluntary. Indeed, in response to the clerk asking whether the Defendant's "plea of guilty is made knowingly and voluntarily," Defendant responded "Yes," then signed the guilty

---

[5] Formerly Rules 32(d) and Rule 32(e).

-3-

plea form that stated that his plea was knowing and voluntary. There is nothing before the Court to indicate that since the hearing, Defendant's plea was anything but knowing and voluntary. This factor, then, clearly weighs in favor of not allowing Defendant to withdraw his plea.

Factor two — whether the defendant has credibly asserted his legal innocence — also weighs in favor of not granting Defendant's motions. Defendant has not stated that he is innocent of the crimes to which he pled guilty. In fact, Defendant admits wrongdoing in one of his letters: "I at least <u>honestly</u> did not know it was illegal to have the images on my hard drive and never went beyond collecting. But I did know it was morally wrong and have been sick with shame since they were discovered as well as before they were discovered."

Factor three weighs in favor of Defendant: there was very little delay between the time Defendant entered his plea (October 27, 2006) and the time he filed his first motion (November 1, 2006, but dated October 30, 2006).

Defendant claims that the fourth factor (whether Defendant had close assistance of competent counsel) weighs in his favor. Defendant has disputed that he had "competent" counsel; he alleges that his attorney allegedly lied to him, failed to inspect the images in question, failed to prepare adequately for arguing the motion to dismiss, failed to make any effort to adequately defend him, and wanted him to plead guilty.

Despite these complaints, Defendant has not made any showing that would allow the Court to infer that but for the attorney's representation of him, he would not have pled guilty. The short delay between Defendant's plea and his motion to withdrawal that plea actually seems to work against him here — Defendant does not assert that after he pled guilty, "he learned of new evidence supporting his request for new counsel, let alone does he offer any evidence to support such a claim." *See, e.g., United States v. Wells*, No. 94–5666, 1996 WL 174631 (4th Cir.

Apr. 12, 1996) (unpublished opinion). In other words, all of Defendant's complaints about his attorney's representation of him related to her activities *up to* the time of the plea hearing. And at that plea hearing, Defendant made four comments suggesting that he had been represented by competent counsel: he had ample time to consult with his attorney, he had discussed with her how the sentencing guidelines would apply in his case, that his counsel "fully explained [to him] the charges contained in the indictment," and, most importantly, when asked directly, "Are you fully satisfied with the counsel, representation, and advice given you in this case by your attorney," Defendant answered, "Yes." This factor, then, disfavors Defendant.

The final two factors — whether withdrawal will cause prejudice to the government and whether it will inconvenience the Court and waste judicial resources to allow Defendant to withdraw his plea — are less important in this case because the other factors weigh so heavily in favor of not allowing Defendant to withdraw his plea.

### III. Conclusion

To allow Defendant to withdraw his guilty plea based on the reasons he has provided would not help to ensure that guilty pleas "are not simply tentative," especially given the careful procedure set forth in Rule 11 for accepting a guilty plea. *See United States v. McHan*, 920 F.2d 244, 246 (4th Cir. 1990). As the Fourth Circuit has stated, a "fair and just" reason for withdrawing a guilty plea is one that challenges the fairness of the Rule 11 proceeding or one that challenges the fulfillment of a promise or condition emanating from the proceeding. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *Id.*; *see also United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (citing *Lambey*).

-5-

Case 3:06-cr-00022-NKM   Document 32   Filed 01/05/07   Page 5 of 6   Pageid#: 74

Because the Court finds that after considering the *Moore* factors, Defendant should not be able to withdraw his guilty plea, Defendant's motions must be and hereby are DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: /s/ Norman K. Moon
United States District Judge

Jan. 5, 2007
Date

-6-

Case 3:06-cr-00022-NKM   Document 32   Filed 01/05/07   Page 6 of 6   Pageid#: 75